SEMON BACHE & CO. *v.* UNITED STATES (No. 1409).[1]

TOWEL RODS COMPOSED OF MOLDED GLASS.
   The board found from the testimony the merchandise was glass rods or glass and not fusible enamel. There is such a substantial conflict in the testimony that the court does not feel justified, under its well-established rule, in reversing the finding of the board.

United States Court of Customs Appeals, February 3, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7556 (T. D. 34377). [Affirmed.]
   *Walter Evans Hampton* for appellants.
   *Bert Hanson*, Assistant Attorney General (*Leland N. Wood*, special attorney, on the brief), for the United States.

   Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal concerns an importation of rods from Austria at the port of New York and by the appraiser there reported as "towel-rack rods composed of molded glass." They were held and returned as dutiable by the collector at that port as manufactures of glass under the provisions of paragraph 109 of the tariff act of 1909, which, in its relevant parts, reads:

109. * * * All glass or manufactures of glass or paste or of which glass or paste is the component material of chief value, not specially provided for in this section, * * *.

---

[1] Reported in T. D. 35150 (28 Treas. Dec., 233).

This decision of the collector was duly contested by the importers, who make claim that the merchandise is fusible enamel, and as such properly dutiable under the provisions of paragraph 110 of the same act. The board overruled the contention of the importers, and this appeal brings here for review that decision of the board.

The rods were all invoiced as glass rods, but some of them, the assessment of duty upon which was not contested, were more uniform in length and width and straighter than those the classification of which is contested. These more uniform ones seem to have been invoiced as per length, whilst those the subject of this controversy were invoiced according to weight. They were manufactured by one Reidel in Austria, who was a glass manufacturer, were invoiced as "Weisse Stangen," or "glass rods." The importing firm deals in glass rods, plate glass, window glass, and cylinder glass. They were sold to one Foix, who testified that his business was the manufacture of glass goods, bull's-eyes, buttons, and other novelties, and he called them, in adverting to the merchandise in his testimony, "glass rods," and stated that he purchased them for the purpose of and used them in the manufacture of glass buttons, etc.

There is much testimony in the record on behalf of both the Government and the importers. The Board of General Appraisers, after carefully reviewing this testimony, found that the merchandise was glass rods or glass and not fusible enamel. There is such a substantial conflict in the testimony that the court does not feel justified under its well-established rule in reversing the finding of the board.

Moreover, a very careful review of all the evidence appearing in the record convinces the court that were the question one *de novo* here unsupported by a determination of the facts by the board this court would not feel justified in holding that the record was one such as would justify a reversal of the decision of the collector.

It seems plain to us that this merchandise, made in the same factory and presumably at the same time as the other rods upon the invoice, consists simply of the inferior or second-grade goods of the same output, and that though invoiced per pound and purchased at a less rate than the superior results of the manufacture, they are, nevertheless, nothing more nor less than glass, and were purchased and sold and used as glass. The only testimony in the record which to any substantial degree seriously conflicts with this conclusion is that of the chemist who made analyses of certain samples. We think, however, that whatever force this testimony may have it is greatly neutralized by the failure in this record to connect positively and satisfactorily the samples analyzed by the chemist with the importations here in question, or at least to show an identity or similarity of substance.

It may be noted in passing that the provision under which duty was laid provides for glass as well as manufactures of glass, and that even were it true that these importations do not amount to a manufacture of glass, they were nevertheless glass.

The decision of the Board of General Appraisers is *affirmed*.